**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10057 |
| Plaintiff - Appellee, | D.C. No. 2:97-cr-00080-PMP |
| v. | MEMORANDUM[*] |
| FERNANDO CLAVERIA-MARTINEZ, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Submitted September 13, 2010[**]

Before:     SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Fernando Claveria-Martinez appeals from the district court's order granting

his 18 U.S.C. § 3582(c)(2) motion for sentence reduction.  We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

Claveria-Martinez contends that the district court erred by failing to consider

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

all of the 18 U.S.C. § 3553(a) sentencing factors when ruling on his motion for sentence reduction. To the extent that Claveria-Martinez contends that the district court erred by failing to treat the amended Sentencing Guidelines range as advisory, pursuant to *United States v. Booker*, 543 U.S. 220 (2005), this contention is foreclosed by *Dillon v. United States*, 130 S. Ct. 2683, 2692 (2010). To the extent that Claveria-Martinez contends that the district court failed to consider the section 3553(a) factors when determining whether the authorized reduction was warranted, this contention is belied by the record.

Claveria-Martinez also contends that a reduction in his criminal history category is appropriate because the district court improperly relied on his July 1995 arrest when departing upward at the original sentencing hearing. This contention fails because this aspect of Claveria-Martinez's sentence was "not affected by the Commission's amendment to [U.S.S.G.] § 2D1.1 [and therefore is] outside the scope of the proceeding authorized by § 3582(c)(2)." *Dillon*, 130 S. Ct. at 2693-94.

**AFFIRMED.**